UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 4:05CV02039 FRB ) |
| v. | ) ) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

I. **Procedural Background**

Plaintiff Missouri Coalition For The Environment Foundation ("Plaintiff" or "Coalition") filed its Complaint on November 2, 2005, seeking disclosure of a number of documents from defendant United States Army Corps of Engineers ("Defendant" or "Corps"), pursuant to the Freedom of Information Act, or "FOIA", 52 U.S.C. § 552 et seq. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The parties had previously filed cross-motions for summary judgment and, on March 20, 2007, this Court entered summary judgment in favor of the Corps, and the Coalition appealed. On September 16, 2008, the United States Court of Appeals for the Eighth Circuit remanded the case to the undersigned for findings on

the issue of segregability. <u>Missouri Coalition for the Environment Foundation v. United States Army Corps of Engineers</u>, 542 F.3d 1204, 1212-13 (8th Cir. 2008). In so doing, the Court wrote that the undersigned could conduct such analysis on the record as it existed, by requesting more detailed information, or, "as a last resort, by conducting an *in camera* review." <u>Id.</u> at 1213, n.3.

In response to the Eighth Circuit's decision, having noted the Eighth Circuit's characterization of <u>in camera</u> review as a last resort, this Court requested more detailed information from the defendant. On September 21, 2010, Defendant provided a new declaration from Dr. David M. Goldman (Docket No. 27, Attachment 1); an updated <u>Vaughn</u> index (Docket No. 27, Attachment 2); and redacted copies of the documents Plaintiff sought. (Docket No. 27, Attachments 3-8).[1]

To date, Plaintiff has filed no response to Defendant's submissions. Neither party has filed any motions which remain pending at the time of this Opinion.

The facts as set forth in this Court's original Memorandum and Order are adopted and incorporated herein. In addition, the undersigned notes the facts as set forth by the Eighth Circuit, and specifically,

---

[1]Defendant had previously released some of the requested material on its website. The released material is the entirety of Document 65, and portions of Documents 41 and 49. In its April 25, 2005 FOIA request, Plaintiff specifically stated that its request did not include information previously released on the Internet.

The Corps conducted a study of flood risk and recurrence on the Mississippi, Missouri, and Illinois Rivers known as the Upper Mississippi River System Flow Frequency Study ("UMRSFFS"). This study's purpose was to identify the 100- and 500-year flood plains. The UMRSFFS commenced in 1997 and its results were released in 2004.

In conducting the UMRSFFS, the Corps instituted a task force to oversee and review the study. The task force was divided into two groups-the Technical Advisory Group ("TAG") and the Inter-Agency Advisory Group ("IAG"). The TAG was comprised of subject matter experts from each of the seven states relevant to the study. The IAG similarly included subject matter experts from each of the seven relevant states but also incorporated experts from other federal agencies, including the Federal Emergency Management Agency, the Bureau of Reclamation, the Tennessee Valley Authority, the National Resource Conservation Service, the United States Geological Survey, and the National Weather Service. On behalf of the Corps, Dr. David Goldman coordinated the IAG and TAG consultants. During the course of the study, the TAG and IAG advised the Corps on the methodology to use for the UMRSFFS and reviewed the Corps' preliminary results. These discussions and other communication took place through meetings, written memoranda, and informally through e-mails.

On April 25, 2005, the Coalition submitted a FOIA request to the Corps.[2] The FOIA request solicited three broad categories of documents:

> 1. Each and every document that evidences a communication to or from a member of the Flow Frequency Study Technical Advisory Group, regardless of the other party to the communication, relating to the Flow Frequency Study.
>
> 2. All agendas and minutes of meetings of the Flow Frequency Study Technical Advisory Group.
>
> 3. Each and every document that evidences disagreement, dispute or concern about the assumption adopted in the Flow Frequency Study that flood flows have been "independently and

> identically distributed" (aka the assumption of "stationarity").
>
> The Corps did not provide a written response to the FOIA request; however, representatives from each party communicated by phone. No documents were released pursuant to the request. Subsequently, the Coalition filed the instant case in district court. In its answer to the Coalition's complaint, the Corps asserted the requested documents were subject to a FOIA exemption.
>
> The Corps moved for summary judgment and attached to its motion declarations from Corps employees Thomas Minear and Dr. David Goldman and a Vaughn index identifying 83 documents responsive to the Coalition's FOIA request. The Vaughn index identified each document with general distinguishing information such as the date it was generated, the author, the addressees, and whether the document was a memorandum, e-mail, letter, agenda, or meeting notes. A short description was provided for each document (e.g., "E-mail discussing potential methodologies to be used in FFS" or "Letter discussing the FFS analysis methods"). Finally, each and every document was identified as privileged under FOIA Exemption 5, the Deliberative Process Privilege. The Coalition cross-moved for summary judgment, arguing the Corps had failed to prove that the documents were exempt from disclosure. Summary judgment was granted in favor of the Corps.
>
> ---
> [2] The Coalition previously submitted a similar request in 2003, before the UMRSFFS was fully completed, and subsequently withdrew the FOIA request in anticipation of the later release of the information.

<u>Missouri Coalition for the Environment Foundation</u>, 542 F.3d at 1207 -1208 (footnote in original).

## II. Discussion

The FOIA mandates disclosure of records held by a federal agency unless such documents fall within certain enumerated exemptions. 5 U.S.C. §§ 552; 552(b). The FOIA is intended "to provide wide-ranging public access to government documents."

Missouri Coalition for the Environment Foundation, 542 F.3d at 1208 (quoting Miller v. U.S. Dep't of Agric., 13 F.3d 260, 262 (8th Cir. 1993)). The FOIA permits access "to official information long shielded unnecessarily from public view", and is therefore "broadly conceived." Id. (quoting EPA v. Mink, 410 U.S. 73, 80 (1973)). "An agency may withhold documents and parts of documents pursuant to nine enumerated statutory exemptions." Manchester v. F.B.I., 2005 WL 3275802, *4 (D.D.C. August 9, 2005) (citing 5 U.S.C. § 552(b)). The FOIA's dominant objective is disclosure, not secrecy, and the FOIA's nine exemptions from compelled disclosure must therefore be narrowly construed. Davis v. CIA, 711 F.2d 858, 861 (8th Cir. 1983). The FOIA provides for de novo review by a district court of an agency decision to withhold requested information, and places the burden on the agency to demonstrate that a claimed exemption applies. 5 U.S.C. §§ 552; 552(a)(4)(B); In re Department of Justice, 999 F.2d 1302, 1305 (8th Cir. 1993).

In the case at bar, the Corps claims Exemption 5, the Deliberative Process Privilege, as its basis for withholding each of the documents Plaintiff seeks. Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "The purpose of the exemption is designed "to ensure that 'open, frank discussions between subordinate and chief' will not be made

impossible by the agencies having to 'operate in a fishbowl.'" Missouri Coalition for the Environment, 542 F.3d at 1209 (quoting Schwartz v. IRS, 511 F.2d 1303, 1305 (D.C.Cir. 1975.)) "The goal of the privilege is clear and straightforward: to allow full and frank discussion while preserving the goal of an open government." Id. "Exemption 5 permits nondisclosure if the document in question is an inter- or intra-agency memorandum which is both predecisional and deliberative." State of Missouri, *ex rel.* Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998) (citing Assembly of State of California v. United States Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992).

A document is "pre-decisional" when it is designed to assist agency decision-makers in arriving at their conclusions, and which contains the personal opinions of the writer rather than the agency's policy. Id. "A document is deliberative if its disclosure would expose the agency's decision-making process in a way that would discourage candid discussion and thus undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process." Id. Exemption 5 does not apply to factual matters, unless they are "inextricably intertwined" with pre-decisional policy discussions, and could not be extracted without compromising the deliberative process. Mink, 410 U.S. at 87-88; Washington Research Project, Inc. v. Department of Health, Education and Welfare, 504 F.2d 238,

249 (D.C. Cir. 1974).

"The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Shorr, 147 F.3d at 710 (citing Assembly of State of California, 968 F.2d at 920.) Factors to examine in deciding whether a document falls within the pre-decisional memoranda/deliberative process exemption include: (1) the identity of the writer and recipient; (2) the nature of the contents of the document; namely, whether it is an opinion or recommendation; (3) the timing of the document relative to the timing of the agency decision; and (4) the status of the document as an opinion or recommendation. See Shorr, 147 F.3d at 710; National Wildlife Federation v. United States Forest Service, 861 F.2d 1114, 1118-20 (9th Cir. 1988); Schell v. United States Department of H.H.S., 843 F.2d 933, 940 (6th Cir. 1988).

The undersigned has once again reviewed all of the evidence of record filed in conjunction with the previously-filed cross-motions for summary judgment. In addition, the undersigned has reviewed the materials submitted by the Corps on September 21, 2010; namely, the new Declaration of Dr. David M. Goldman (Docket No. 27, Attachment 1); the revised Vaughn index (Docket No. 27, Attachment 2); and the redacted copies of all of the 83 withheld documents that are the subject of this lawsuit. (Docket No. 27, Attachments 3-8). As indicated above, Plaintiff has in no way

challenged the adequacy of Defendant's efforts, Dr. Goldman's declaration, the revised Vaughn index, or the redacted documents provided. Having reviewed all of the evidence that the record now contains, the undersigned hereby adopts and incorporates herein all findings made in this Court's Memorandum and Order dated March 20, 2007, and also makes the following supplemental findings.

**A. Segregability Analysis**

In its opinion, on the issue of segregability, the Eighth Circuit wrote as follows:

> In a FOIA action, the focus is on the information sought, not the documents themselves. *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (citing *Mead Data Cent., Inc.*, 566 F.2d at 260). "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). The withholding of an entire document by an agency is not justifiable simply because some of the material therein is subject to an exemption. *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 553 (6th Cir. 2001). Rather, non-exempt portions of documents must be disclosed unless they are "inextricably intertwined" with exempt portions. *Mead Data Cent., Inc.*, 566 F.2d at 260. Effectively, each document consists of "discrete units of information," all of which must fall within a statutory exemption in order for the entire document to be withheld. *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000).
>
> In every case, the district court must make an express finding on the issue of segregability. *Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007); *Rugiero*, 257 F.3d at 553; *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979). *But cf. Becker v. IRS*, 34 F.3d 398, 406 (7th Cir. 1994) (suggesting that segregability may be presumed considered if the district court reviews the documents in camera). The agency has the burden to show that the exempt portions of the documents are not segregable from the

non-exempt material. *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1052 (3d Cir. 1995). If the agency's justification is inadequate, the district court may require an agency to submit a more specific affidavit. *See PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 253 (D.C. Cir. 1993). The agency's justification must be relatively detailed, correlating specific parts of the requested documents with the basis for the applicable exemption. *Schiller*, 964 F.2d at 1209-10 (citing *Schwartz v. IRS*, 511 F.2d 1303, 1306 (D.C. Cir. 1975) and *King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987)). The requisite specificity of an affidavit and the reasonableness of segregation are dependent upon the proportion and distribution of non-exempt information in a given document:

> For example, if only ten percent of the material is non-exempt and it is interspersed line-by-line throughout the document, an agency claim that it is not reasonably segregable because the cost of line-by-line analysis would be high and the result would be an essentially meaningless set of words and phrases might be accepted. On the other extreme, if a large proportion of the information in a document is non-exempt, and it is distributed in logically related groupings, the courts should require a high standard of proof for an agency claim that the burden of separation justifies nondisclosure or that disclosure of the non-exempt material would indirectly reveal the exempt information.

*Mead Data Cent., Inc.*, 566 F.2d at 261. Such detailed explanation and justification should enable a district court to conduct its review in open court, preserving the adversarial nature of the process and avoiding undesirable, *in camera* line-by-line analyses. *Id.* at 261.

Missouri Coalition for the Environment Foundation, 542 F.3d at 1211-12.

In his most recent Declaration, Dr. Goldman stated that

he personally "reviewed all 83 withheld documents to determine if portions of the documents could be segregated and released to the Plaintiff." (Docket No. 27, Attachment 1, at page 3). Dr. Goldman stated that he determined that the majority of the documents contained a few words or sentences that were purely factual, and did not evidence the give and take deliberative process discussing various scientific study matters. (Id.) Dr. Goldman stated that he personally redacted each document, providing those portions which Dr. Goldman determined, following his review, were segregable as purely factual and releasable, and omitting the remaining portions which were not segregable and contained deliberative information evidencing the give and take discussions of Defendant's consultants discussing the methodologies that should be recommended to the Corps for use in the study. (Id.)

Defendant also provided an updated Vaughn index. As it is different from the one previously provided, the undersigned will consider its adequacy in compliance with the Eighth Circuit's instructions to conduct a segregability analysis. As the Eighth Circuit noted, a proper Vaughn index "provides a specific factual description of each document sought by the FOIA requester", and includes a "general description of each document's contents, including information about the document's creation, such as date, time, and place. For each document, the exemption claimed by the government is identified, and an explanation as to why the

exemption applies to the document in question is provided." Missouri Coalition for the Environment Foundation, 542 F.3d at 1209-10 (citation omitted).

In this case, the Vaughn index provided in response to this Court's July 23, 2010 Order contains all of the necessary information. It spans 55 pages in spreadsheet form, and includes distinguishing information for each document, including the date of origination; the author; the addressee(s); whether copies were provided (and, if so, to whom); and whether the document was a memo, e-mail, letter, agenda, meeting notes, or, in the case of Document 54, a "memo and e-mail." (Docket No. 27, Attachment 2). The index further lists, for each document, the statutory exemption claimed: Exemption 5, the deliberative process privilege. (Docket No. 27, Attachment 2).

Defendant's index also provides, as required, relatively detailed factual information about each document on an individual basis, correlating the redacted portions with the basis for the applicability of Exemption 5, and explaining why the redacted portions contain no segregable material. See Missouri Coalition for the Environment Foundation, 542 F.3d at 1212 (citations omitted) (the agency bears the burden of showing that the exempt portions are not segregable, and "[t]he agency's justification must be relatively detailed, correlating specific parts of the requested documents with the basis for the applicable exemption.") For

example, the description of Document 1, classified as meeting notes, reads: "[n]otes of July 18, 1997 TAG Meeting discussing goals and requirements of TAG related to the Flow Frequency Study (FFS). The remaining redacted information cannot be further segregated because it is comprised entirely of discussions among TAG members regarding what methodologies to use for the study." (Docket No. 27, Attachment 2, at page 2). Typical descriptions of documents classified as memos read: "[d]ocument discussing a draft of a TAG report to be submitted to the Corps. The remaining redacted information cannot be further segregated because it is comprised entirely of Dr. Jery Stedinger's opinion on the potential methodologies, as well as a summary of other TAG members' opinions, on the potential methodologies to use for the study", (Id. at page 10); and "[s]ummary of recommendations made by TAG and IAG at June 7 and 8, 2000 meeting and subsequently discussing flood frequency curve estimates, including revisions. The remaining redacted information cannot be further segregated because it is comprised entirely of Dr. David Goldman's opinions and comments regarding the final changes to be made to the TAG's recommendations to the Corps regarding what methodologies to use for the study." (Id. at page 49). With regard to the documents classified as e-mails, typical descriptions read: "[e]-mail commenting on Dr. Jery Stedinger's comments on draft TAG report. The remaining redacted information cannot be further segregated because it is comprised entirely of

Dr. William Lane's (TAG Member) opinions on potential methodologies to use for the study", (<u>Id.</u> at page 9), and "[e]-mail responding to Dr. David Goldman's comments discussing the possible implications of the FFS. The remaining redacted information cannot be further segregated because it is comprised entirely of Wilbert Thomas's responses to Dr. David Goldman's questions regarding what methodologies to use for the study." (Docket No. 27, Attachment 2, at page 11).

The undersigned has reviewed each description contained in Defendant's <u>Vaughn</u> index, and has found that all of the descriptions are relatively detailed, and correlate the specific redacted parts of each requested document with the basis for the application of Exemption 5. <u>See</u> <u>Missouri Coalition for the Environment Foundation</u>, 542 F.3d at 1212 (citation omitted) (the agency's justification must be relatively detailed, and must correlate specific parts of the requested document with the exemption claimed). The undersigned concludes that the updated <u>Vaughn</u> index comports with the requirements as enumerated by the Eighth Circuit, inasmuch as it provides specific factual descriptions of each document; includes a general description of each document's contents; identifies the statutory exemption claimed; and sufficiently explains why the exemption applies to the redacted material. <u>Id.</u> at 1209-10 (citation omitted). To require Defendant to describe each document in greater detail would require

Defendant to disclose the substance of the confidential information therein. Vaughn v. Rosen, 484 F.2d 820, 826-27 (D.C. Cir. 1974) (a defendant is not required to describe each document with such detail that the secret nature of the document would be disclosed).

Defendant also provided redacted copies of all of the documents at issue in this litigation. (Docket No. 27, Attachments 3 - 8). Each document is identified by number, and information indicating the document's origin, author, and classification is given. See (Id.) As Dr. Goldman stated in his Declaration, for the majority of these documents, a few factual sentences are released, followed by blocks of space with markings indicating that material had been redacted. See (Id.) For example, in Document 36, entitled "DRAFT Memorandum for record 4/13/99" and authored by Dr. Goldman, a redacted portion is preceded by the following text: "The following summarizes the recommendations of the TAG members, except Jon Hosking, and, IAG members, except Don Woodward, who could not be present due to prior commitments. There [sic] comments with regard to the overall recommendations will be enlisted in the near future." (Docket No. 27, Attachment 5, at pages 18 and 21). Document 42, an email from Will Thomas to Dr. Goldman, contains a redacted portion preceded by the following: "In your comments sent last night you commented". (Id. at page 41). In Document 52, authored by Dr. Lane and sent to Dr. Goldman and the TAG and IAG, a redacted portion is preceded by the statement:

"My previous e-mails have already addressed many of my concerns, so I will limit this to just a few of those which I have not covered and which seem to me to be very serious." (Docket No. 27, Attachment 6, at page 21).

In conducting this segregability analysis, the undersigned has reviewed all of the information of record, particularly Dr. Goldman's most recent Declaration, the redacted copies of each document at issue, and Defendant's most recent <u>Vaughn</u> index and its descriptions of each document. As noted above, Dr. Goldman's Declaration clearly shows that he reviewed and processed each and every requested document for the purpose of identifying and releasing any and all segregable information. Defendant's justifications are sufficiently detailed, and they correlate the specific redacted information with the basis for claiming Exemption 5. In addition, Dr. Goldman's statement in his Declaration that the redacted portions of the documents are not segregable is supported by review of the redacted documents themselves.

In a manner consistent with the Eighth Circuit's decision remanding this case for findings on the issue of segregability, the undersigned has considered and analyzed the segregability issue, albeit without the benefit of adversarial comment, and concludes that Defendant's segregability analysis is sufficiently detailed, and that Defendant has met its burden of demonstrating that the

redacted portions of the documents contain no segregable material. See, e.g., Manchester, 2005 WL 3275802 at *4 (upholding segregability analysis where the defendant categorized and justified withheld information, attached all of the partially redacted pages with coded markings, and included "deleted page sheets" for pages withheld in their entirety). As there is no indication that Defendant has acted in bad faith in segregating and releasing nonexempt information in the pages released to Plaintiff, the undersigned finds no reason to disbelieve Dr. Goldman's statement that all reasonably segregable non-exempt material has been released to Plaintiff, and that the redacted portions contain no reasonably segregable material.

Having conducted the segregability analysis as directed by the Eighth Circuit, the undersigned adopts and incorporates herein the conclusions reached in the Memorandum and Order dated March 20, 2007.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of June, 2011.